## JONATHAN LEIGHTON *vs.* WILLIAM PERKINS.

Where *A.* conveys land to *B.* with a covenant of warranty, and *B.* conveys the same land to *C.* with a covenant of warranty, a release by *C.* of *A.'s* covenant, is in law a release of *B.'s* covenant, and such release makes *A.* a competent witness for *C.* in a writ of entry, brought by the latter to recover the land.

THIS was a writ of entry, in which the demandant counted upon his own seisin of one acre of land in Dover, in this county, and upon a disseisin by the tenant.

The cause was tried here at February term, 1821, upon the general issue. It was admitted that one *Tobias Tuttle,* being seized of the demanded premises, on the 23d day of January, 1816, made and executed a deed in common form, to convey the same premises to one *Thomas Tuttle,* in fee, with warranty, and that *Thomas Tuttle,* on the 19th April, 1816, by deed duly executed, conveyed the demanded premises, to the demandant, with warranty. It was also admitted that the tenant, having sued out a writ against *Tobias Tuttle,* caused the demanded premises to be attached, by virtue of the same writ, on the 6th April, 1816, and having afterwards obtained a judgment against *Tobias Tuttle,* caused his execution to be extended upon the demanded premises.

The demandant called *Tobias Tuttle* as a witness to prove the consideration of the said conveyance, from *Tobias* to *Thomas Tuttle.* The tenant's counsel objected that *Tobias* was interested in the event of the suit, because in case the tenant prevailed, he would be liable to the demandant, on his covenant of warranty, whereupon the demandant made and executed a release of the covenant of warranty, in the deed made by *Tobias* to *Thomas Tuttle.* The tenant's counsel still objected that a release of the covenant by the demandant, did not make *Tobias* a competent witness; but he was admitted by the court, and the jury having returned a verdict in favor of the demandant, the tenant moved the court to grant a new trial, on the ground that *Tobias Tuttle* was an incompetent witness.

*Crosby* and *Mason,* for the demandant.

*Hodgdon, C. Woodman* and *I. Bartlett,* for the tenant.

RICHARDSON, C. J. It is by no means certain, that *Tobias Tuttle* was not a competent witness in this case, even if the

release of the demandant did not discharge him from the covenant in his deed to *Thomas*. For, although if the tenant succeed in this suit, he may be liable to the demandant in his covenant; yet, on the other hand, if the demandant prevail, the tenant's debt against *Tobias* will revive; so that for aught that appears, the liability of the witness was equal either way. But as the demandant has not relied upon this as an answer to the objection, we have considered the effect of the release.

There is no doubt, that a recovery by the demandant, as assignee of *Thomas*, against *Tobias*, on the covenant of the latter, and satisfaction, would be a bar to an action of covenant by the demandant against *Thomas*, on the covenant of *Thomas*. So too a recovery by the demandant against *Thomas*, in the covenant of the latter, and satisfaction would be a bar to an action by the demandant against *Tobias* on the covenant of *Tobias*. And we are of opinion that a release by the demandant of the covenant in the deed of *Tobias*, is equivalent to a recovery and satisfaction, and is in law a release by the demandant of the covenant of warranty in the deed of *Thomas*. If it has not this effect, it is not a release of the covenant in the deed of *Tobias*. For in case the demandant fails in this suit, if the covenant in the deed of *Thomas* be not released, the demandant may recover of *Thomas* on his covenant, who will be entitled to recover over against *Tobias*. There are adjudged cases which seem to us fully to warrant this decision. 1 *Bos. & Pull.* 630, *Cheetham vs. Ward & notes.*—2 ditto 62, *English vs. Darley.*—7 *Mass. Rep.* 444, *Niles vs. Sawtell.*—2 *Levintz* 206.—14 *Johnson* 89, *Kane vs. Sanger.*—18 ditto 60, *Jackson vs. Root.* And there must be

*Judgment on the verdict.*